Veronica E. McKnight, Esq. (SBN: 306562)
bonnie@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Additional Attorneys for Plaintiff on Signature Page

*Attorneys for Plaintiff,*
Adrian Alcaraz

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adrian Alcaraz, an individual, on behalf of himself,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>Bank of America, N.A.,<br><br>　　　　　　　Defendant. | Case No: _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 ET SEQ.**<br>2. **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227**<br>3. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32**<br>4. **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

**Introduction**

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2. Adrian Alcaraz, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Bank of America, N.A. ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Adrian Alcaraz, ("Plaintiff"), through Plaintiff's attorneys also brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Bank of America, N.A. ("Defendant"), in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

4. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted

Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

**Jurisdiction and Venue**

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

11. Plaintiff is a natural person who resides in the City of West Covina, County of Los Angeles, State of California.

12. Plaintiff resides in Los Angeles County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

13. Defendant regularly attempts to collect alleged debts against consumers in Los Angeles County by sending letters and making phone calls to consumers, as Defendant did to Plaintiff as well.

14. Specifically, Defendant made calls to Plaintiff in an attempt to collect on an alleged debt not owed by Plaintiff, and therefore failed to comply with federal and state laws.

15. This collection effort towards Plaintiff by Defendant in the County of Los Angeles is the action that gave rise to the claim alleged and therefore venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

16. Because a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

17. At all times relevant, Defendant conducted business within the State of California.

### Parties

18. Plaintiff is a resident in the City of West Covina, State of California.

19. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

20. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

21. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose State of Incorporation is in North Carolina.

22. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as defined in California Civil Code § 1788.2(c).

23. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant collects on alleged defaulted debts.

24. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

25. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

//

**Factual Allegations**

26. Sometime on or about May 2016, Defendant began calling Plaintiff to collect an alleged debt from Plaintiff.

27. On or before May 2016, Plaintiff began receiving telephone calls from Defendant on his cellular telephone ending in 5924 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

28. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29. Plaintiff received at least 242 calls since May 2016 or earlier from Defendant regarding allegedly owed obligations.

30. On or about June 3, 2016, Plaintiff retained an attorney to file for bankruptcy.

31. After retaining this attorney, Plaintiff informed Defendant during subsequent calls in or about July or August of 2016 not to call him and to speak with his attorney.

32. Despite informing Defendant to stop calling him, Defendant continued to call Plaintiff.

33. The dates in which Defendant made these calls, include, but are not limited to, September 13, 2016, September 19, 2016, September 20, 2016, September 21, 2016, September 22, 2016, September 23, 2016, October 5, 2016, October 10, 2016, November 5, 2016, November 7, 2016, November 8, 2016, and November 11, 2016.

34. On or about August 25, 2016 and August 30, 2016, Defendant left the following identical pre-recorded voicemails to Plaintiff's cellular phone:

> This is Bank of America calling about an important servicing matter for Adrian Moises Alcaraz. Please have him call us today at 888-880-2513.

35. Additionally, during one of these calls on or about September 1, 2016, Defendant left the following pre-recorded voicemail to Plaintiff's cellular phone:

> This is Bank of America following up on an important servicing matter for Adrian Moises Alcaraz. We've been trying to reach you. Please call us today at 888-880-2513. Again, that number is, 888-880-2513.

36. Furthermore, Defendant texted Plaintiff on June 14, 2016, August 17, 2016, August 26, 2016, September 9, 2016, September 22, 2016, October 13, 2016, October 26, 2016, November 8, 2016, November 18, 2016, and December 15, 2016, the same identical message:

> (Free MSG) Please call Bank of America regarding a servicing matter at 1-800-892-2167 by 11pm ET today. Reply STOP to end texts.

37. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

38. Plaintiff is a natural person as that term is used by California Civil Code § 1788.2(h).

39. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

40. Further, Plaintiff specifically revoked any consent which may have been mistakenly believed, when he informed Defendant to stop calling in or about July or August 2016.

41. Specifically, Plaintiff informed Defendant in or about July or August 2016 that he was represented by an attorney and told Defendant to stop calling.

42. Through this action, Plaintiff suffered an invasion of his legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

43. Plaintiff was personally affected because he was frustrated and distressed that despite her telling Defendant to stop calling him on his cell phone, Defendant continued to harass Plaintiff with calls using an ATDS.

44. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing him to silence his cell phone and/or block incoming numbers.

45. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

46. The calls from Defendant came from phone numbers including, but not limited to, 800-536-1584 and 800-531-7209.

47. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

48. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

49. Plaintiff did not provide "prior express consent" to Defendant to place telephone calls to Plaintiff's cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

50. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

51. Additionally, on or about December 13, 2016, Kazerouni Law Group sent a letter to counsel for Bank of America, informing Defendant that Kazerouni

Law Group represents Plaintiff and to direct any and all communication related to litigation to Kazerouni Law Group.

52. Despite this letter, Defendant called Plaintiff on December 14, 2016 regarding Plaintiff's alleged debt.

53. Additionally, despite this letter, Defendant sent Plaintiff a text message on or about December 15, 2016 regarding Plaintiff's alleged debt.

54. These communications are each considered a "debt collection" as Cal. Civ. Code § 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

55. Under Cal. Civ. Code § 1788.14(c), debt collectors are not to initiate communications in regard to the consumer debt with a consumer when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt.

56. When individuals seek attorneys to represent them in cases such as these, they trust attorneys to handle their legal matters. When companies, like Defendant, attempt to communicate with an individual who has representation, it interferes with the attorney-client relationship.

57. By continuing to contact Plaintiff regarding this alleged debt, Defendant engaged in conduct Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d and Cal. Civ. Code 1788.17 through incorporation.

58. Through this conduct, Defendant caused a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5) and Cal. Civ. Code § 1788.17 through incorporation.

59. Through this conduct, Defendant caused a telephone to ring repeatedly or continuously to annoy the person called. Consequently, Defendant violated Cal. Civ. Code § 1788.11(d).

60. Through this conduct, Defendant placed telephone calls without meaningful disclosure of Defendant's identity. Consequently, Defendant violated 15 U.S.C. § 1692d(6) and Cal. Civ. Code § 1788.17.

61. Additionally, Defendant communicated, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances. Consequently, Defendant violated Cal. Civ. Code § 1788.11(e).

## First Cause of Action
## Negligent Violations Of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. § 227

62. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

64. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

65. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

//
//
//
//

**Second Cause of Action**

**Knowing and/or Willful Violations Of The**

**Telephone Consumer Protection Act (TCPA)**

**47 U.S.C. § 227**

66. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

68. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**Third Cause of Action**

**Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)**

**Cal. Civ. Code §§ 1788-1788.32**

69. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

70. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

71. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## Fourth Cause of Action

## Negligence

72. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

73. Defendant owed a duty of care to Plaintiff to provide meaningful disclosure of Defendant's identity, to reasonably protect Plaintiff's privacy rights, and to avoid placing repeated unwanted calls to Plaintiff.

74. Defendant negligently failed to take affirmative steps to provide meaningful disclosure of Defendant's identity and to avoid making repeated unwanted and unauthorized telephone calls for the purpose of collecting debt from Plaintiff.

75. Defendant's conduct proximately caused injuries to Plaintiff.

76. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

77. Plaintiff believes and alleges that Defendant's conduct of making repeated unwanted and unauthorized telephone calls to Plaintiff and its failure to provide meaningful disclosure constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

//
//
//
//
//
//
//

**Prayer For Relief**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

**First Cause of Action for Negligent Violations of the TCPA, 47 U.S.C. § 227 Et. Seq.**

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- any other relief the Court may deem just and proper.

**Second Cause of Action For Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 Et. Seq.**

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**Third Cause of Action**

**Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)**

**Cal. Civ. Code §§ 1788-1788.32**

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

//

## Fourth Cause of Action

## Negligence

- As a result of Defendant's negligence, Plaintiff is entitled to money damages in an amount to be proven at trial,
- An award of punitive damages, in an amount to be adduced at trial, from Defendant, and
- Any and all other relief that the Court deems just and proper.

78. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date: February 8, 2017         By: s/Veronica McKnight
                                   Veronica E. McKnight, Esq.
                                   Attorneys for Plaintiff

Additional Attorneys for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523