Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Veronica McKnight, Esq. (SBN: 306562)
bonnie@westcoastlitigation.com
HYDE & SWIGART
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Additional Attorneys for Plaintiff on Signature Page

*Attorneys for Plaintiff,*
Adrian Alcaraz

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adrian Alcaraz, an individual, on behalf of himself, | Case No.: 2:17-cv-01217-DMG-AJW |
| Plaintiff, | JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(F) |
| v. | |
| Transworld Systems Inc., | Hon. DOLLY M. GEE |
| Defendant. | Date: May 12, 2017 |
| | Time: 9:30 a.m. |

ADRIAN ALCARAZ ("Plaintiff"), and Defendant, BANK OF AMERICA, N.A., ("Defendant") (collectively the "Parties") jointly submit this discovery plan in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

//

//

//

**1.  Initial Disclosures:**

Plaintiff: Plaintiff will exchange Plaintiff's Initial Disclosures prior to the Scheduling Conference. Key witnesses for Plaintiff will include the Person(s) Most Knowledgeable for Defendant.

Defendant: Defendant will exchange Defendant's Initial Disclosures prior to the Scheduling Conference.  Key witnesses for Defendant will include the Person(s) Most Knowledgeable for Defendant and Plaintiff.

**2.  Preservation of Discoverable Information:**

Plaintiff: Plaintiff does not anticipate making any claims of privilege or need protection from any category of documents sought. Plaintiff anticipates that Defendant may seek a protective order. Plaintiff would like to have either 1) a protective order in place prior to the Court's scheduled case management conference; or 2) obtain a waiver from Defendant that it will not be seeking a protective order as to the discovery sought.  Plaintiff does not want to be delayed in discovery by Defendant asking for a protective order only after its discovery is due a month from now.

Defendant: Defendant anticipates production of confidential, trade secret, and/or commercially sensitive information during the pendency of this action. Defendant will draft a proposed protective order for Plaintiff's review and submit to the Court prior to the Scheduling Conference. The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.  The parties agree that discovery should be produced in an accessible, secure, and convenient manner.   Defendants and Plaintiff agree that they will discuss production of ESI if and when discovery of ESI is triggered.

**3.  Discovery Plan:**

a)  Written Discovery:

Plaintiff: Plaintiff will need at least the following categories of documents depending on how Defendant maintains its data:

1. Documentation regarding Defendant's policies and procedures for placing automated and/or prerecorded telephone calls;
2. Documentation regarding the autodialer/text campaign conducted by Defendant during the relevant period;
3. Documentation regarding Plaintiff's bank accounts;
4. Documentation regarding Defendant's calls/texts to Plaintiff and any notes of discussions and audio recordings of conversations;
5. Documentation regarding Defendant's use of an automated dialer or an artificial or prerecorded voice to call Plaintiff.
6. Plaintiff reserves the right to add additional categories of documents as discovery proceeds.

Defendant: Defendant will need at least the following categories of documents depending on how Plaintiff maintains his data:

1. Documentation regarding Plaintiff's telephone records;
2. Documentation regarding Plaintiff's bank accounts;
3. Documentation regarding Plaintiff's communications with Defendant;
4. Defendant reserves the right to add additional categories of documents as discovery proceeds.

b) Depositions:

Plaintiff: Plaintiff anticipates taking the deposition of Defendant's Designated Person(s) pursuant to Federal Rule of Civil Procedure 30(B)(6).

Defendant: Defendant anticipates taking the deposition of Plaintiff pursuant to Federal Rule of Civil Procedure 30.

c) Proposed Discovery Cut-off:

Plaintiff: December 19, 2017

Defendant: December 19, 2017

d) Proposed Schedule of Law and Motion Matters: Please see the Attached Schedule of Pretrial & Trial Dates Worksheet.

e) Proposed Dispositive Motion Cut-off:

Plaintiff: February 20, 2018

Defendant: February 20, 2018

**4. Settlement:**

Plaintiff: The parties are currently discussing settlement. Plaintiff believes further settlement discussions will benefit from a developed factual record. In addition, Plaintiff requests private mediation.

Defendant: Defendant agrees with Plaintiff.

**5. Estimated Length of Trial:**

Plaintiff: 5-7 days

Defendant: 2-3 days

**6. Proposed Dates:**

a) Final Pre-Trial Conference:

Plaintiff: June 12, 2018

Defendant: June 12, 2018

b) Trial:

Plaintiff: July 10, 2018

Defendant: July 10, 2018

**7. Addition of Parties:**

Plaintiff: The parties reserve the right to add additional parties or otherwise to amend pleadings after some initial discovery is completed. The parties request that a deadline to amend the pleadings be sixty days from the date of the Court's scheduling order.

Defendant: Agrees with Plaintiff.

**8. Jury Trial:**

Plaintiff: Plaintiff has timely requested a jury trial.

Defendant: Defendant agrees that Plaintiff has timely requested a jury trial.

**9. Other Issues:**

Plaintiff: None.

Defendant: None.

**10. Proposals regarding Severance, Bifurcation or Other Ordering Proof:**

Plaintiff: None.

Defendant: None

**11. Synopsis of Principal Issues:**

Plaintiff: Plaintiff complains for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA"), concerning unconsented to automated or prerecorded calls to his cellular telephone. *See* 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff received at least 242 calls since May 2016 or earlier from Defendant regarding an alleged debt. Despite having revoked consent for Defendant to call him in or about July or August of 2016, Defendant continued to call Plaintiff and sent him approximately ten text messages.

The principal issues are whether Defendant had "prior express consent" (an affirmative defense) to call Plaintiff on his "cellular telephone" using either an "automatic telephone dialing system" (defined by 47 U.S.C. § 227(a)(1)) or a "prerecorded voice" in an attempt to collect an alleged debt.

Defendant: Defendant denies Plaintiff's claims, denies that it violated the TCPA or Rosenthal Act, denies that it was negligent, and denies that Plaintiff is entitled to any relief against it. At all relevant times, Defendant followed reasonable procedures for ensuring proper collection practices. Plaintiff consented to be contacted using his cellular telephone, and did not revoke that consent. After

a notice of representation was received by Defendant from Plaintiff's counsel, Defendant made no further contact with Plaintiff regarding the debt at issue.

**12. Amendment of Pleadings:**

    <u>Plaintiff:</u> The parties reserve the right to add additional parties or otherwise to amend pleadings after some initial discovery is completed. The parties request that a deadline to amend the pleadings be ninety days from the date of the Court's scheduling conference.

    <u>Defendant</u>: Defendant concurs with Plaintiff on the amendment of the pleadings.

**13. Issues to be Determined by Motions:**

    <u>Plaintiff</u>: Plaintiff intends to bring a motion for summary judgment on the issue of whether an "automatic telephone dialing system" (defined by 47 U.S.C. § 227(a)(1)) or a "prerecorded voice" was used when Defendant called Plaintiff.

    <u>Defendant</u>: Defendant intends to bring a motion for summary judgment on the issue that Plaintiff consented to be contacted on his cellular telephone, and therefore, no violations of 47 U.S.C. Section 227, Cal. Civ. Code Sections 1788-1788.32, or claims of negligence have occurred.

Judge Dolly M. Gee

**SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET**

Case No. 2:17-cv-01217          Case: Adrian Alcaraz v. Bank of America, N.A

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| TRIAL[]Court [X] Jury | July 10, 2018 (Tuesday) | 8:30 a.m. |
| FINAL PRETRIAL CONFERENCE (FPTC) 4 wks Before Trial | June 12, 2018 (Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut Off (includes hearing of motions to amend) | 90 days after scheduling conf | June 23, 2017 <br><br> 8:30 a.m. |
| Non−Expert Discovery CutOff (includes hearing of discovery motions) | at least 14 wks before FPTC | December 19, 2017 <br><br> 2:00 p.m. |
| Motion CutOff (filing deadline) | at least 13 wks before FPTC | February 20, 2018 <br><br> 2:00 p.m. |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | Plaintiff: October 23, 2017 for Plaintiff's Expert Disclosures and November 28, 2017 for Defendant's Expert Disclosures <br><br> 2:00 p.m. |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | December 12, 2017 <br><br> 2:00 p.m. |
| Expert Discovery CutOff (includes hearing of | at least 3 wks before FPTC | February 20, 2018 |

| discovery motions) | | 2:00 p.m. |
|---|---|---|
| Settlement Conference Completion Date | at least 4 wks before FPTC | May 11, 2018 2:00 p.m. |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | April 24, 2018 2:00 p.m. |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | May 1, 2018 2:00 p.m. |
| Other Dates: (e.g., class cert motioncutoff, early mediation, etc.) | at least 90 days after complaint served (unless longer time justified) | None. 2:00 p.m. |

# EXHIBIT A

Hyde & Swigart

Date: April 28, 2017          By:  s/ Veronica McKnight
                                   Veronica McKnight, Esq.
                                   *Attorneys for Plaintiff*

McGuireWoods LLP

Date: April 28, 2017          By:  s/ Ethan Schatz
                                   Ethan Schatz, Esq.
                                   *Attorneys for the Defendant*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Ethan Schatz counsel for Defendant and that I have obtained Mr. Schatz's authorization to affix his electronic signature to this document.

Hyde & Swigart

Date: April 28, 2017

By: s/ Veronica McKnight
Veronica McKnight, Esq.
*Attorneys for Plaintiff*